## 9116

### TOWN OF HARTSVILLE v. McCALL.

#### (85 S. E. 599.)

CRIMINAL LIABILITY OF MASTER FOR ACTS OF SERVANT. MISDEMEANORS. ABSENCE OF ACCUSED FROM TERRITORIAL JURISDICTION AT TIME OF OFFENSE AS AFFECTING JURISDICTION.

1. CRIMINAL LAW—PARTIES TO OFFENSES—ACCESSORIES—AGENCY.—Where one convicted of transporting intoxicating liquors within the limits of a town in violation of an ordinance had not entered the corporate limits, but had the liquor transported by his agent, he was guilty under the rule that one may commit a crime through the agency of another.

2. CRIMINAL LAW—ACCESSORIES—MISDEMEANOR.—What would make one an accessory before the fact in a felony makes him a principal in a misdemeanor.

3. CRIMINAL LAW—JURISDICTION—CITY COURTS.—Where a nonresident of a town procures another to transport intoxicating liquor in the

FOOTNOTE.—As to criminal liability of master for acts of servant, see notes in 43 L. R. A. (N. S.) 2; 41 L. R. A. 660; 16 L. R. A. (N. S.) 786; 20 L. R. A. (N. S.) 321; 33 L. R. A. (N. S.) 419; and as to absence of accused from territorial jurisdiction at time of offense as affecting jurisdiction, see note in 33 L. R. A. (N. S.) 331.

town in violation of its ordinance to his home, his absence from the town did not deprive the mayor's court of the town of jurisdiction to try him for what was done by his agent.

Before GARY, J., Darlington, September, 1913. Reversed.

The defendant, E. B. McCall, was convicted in a municipal Court of a misdemeanor, and the judgment reversed on appeal to the Circuit Court. From the judgment of the Circuit Court, the town appeals.

*Mr. M. L. Lawson,* for appellant, cites: 147 Ky. 536; 33 L. R. A. (N. S.) 331; 92 Ga. 41; 22 L. R. A. 248; 95 Mo. 402; 19 L. R. A. 775; 44 Am. St. Rep. 75, 79; 40 S. C. 221; 2 N. & McC. 27; *Ib.* 34; 3 Hill 94.

*Messrs. E. C. Dennis* and *D. W. Galloway,* for respondent.

June 8, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The respondent, McCall, resides and his place of business is outside the limits of the town of Hartsville. He ordered three gallons of whiskey from Richmond, Va., which the testimony tends to prove, and the trial jury found, was for unlawful use. On arrival of the whiskey at the express office within the town, McCall sent a written order to the express company to deliver it to R. R. Bain, who received it and put it in a dray. The drayman carried it to McCall's store, outside the limits of the town, and delivered it to him, and he paid the drayage. McCall was not actually present within the town at any time during the transportation of the whiskey, and took no part therein, except as above stated. Upon the foregoing facts he and Bain were tried before the mayor of the town and a jury for violating an ordinance of the town, which makes it unlawful to transport alcoholic liquors within the corporate limits for unlawful use. The mayor refused to direct a

verdict of acquittal as to McCall, and the jury found both defendants guilty. From the sentence, they appealed to the Circuit Court, which affirmed the judgment as to Bain, but reversed it as to McCall. From the judgment of reversal as to McCall, the town appealed to this Court.

The Circuit Court did not state the ground upon which the reversal of the judgment as to McCall was based, but it was evidently based upon the ground taken by him in the mayor's court for a directed verdict, to wit, that because he was not personally within the limits of the town during the transportation, and took no part therein, except to write the order and send Bain for the whiskey and pay the drayage, all of which was done by him outside the limits of the town, he had not violated the ordinance within the town, and the mayor's Court had no jurisdiction to try him for what he did outside the corporate limits. This must be so, because, if the reversal had been based upon any other of the grounds of appeal, the judgment would have had to be reversed as to Bain also.

The Circuit Court erred in reversing the judgment of the mayor's Court. It is well settled that one may commit a crime by and through the agency of another. *Qui facit per alium facit per se.* In contemplation of law, Bain's acts, done by McCall's directions, were McCall's acts, and McCall is liable for them the same as if he had been personally present and had done himself what Bain did by his directions. It makes no difference whether Bain was a guilty or an innocent agent. If he had been an innocent agent, as probably the drayman was, and if McCall could not be held responsible for his acts, we would have the anomaly of a crime having been committed without a criminal. "Since an act by an agent has in law the effect of a personal act, if one employs another to do a criminal thing for him, he is guilty the same as though he had done it himself." 1 Bish. Cr. L., sec. 631. The same principle is held in *State* v. *Anone,* 11 S. C. L. (2 N. & McC.) 27;

*State* v. *Borgman,* 11 S. C. L. (2 N. & McC.) 34, and *State* v. *Williams,* 21 S. C. L. (3 Hill) 90. .

What would make one an accessory before the fact in a felony makes him a principal in a misdemeanor. *State* v. *Lymburn,* 3 S. C. L. (1 Brev.) 397; *State* v. *Westfield,* 17 S. C. L. (1 Bail.) 232. The case of the *State* v. *Morrow,* 40 S. C. 221, 18 S. E. 853, is conclusive of the question, and shows that McCall is liable criminally for the acts of Bain, done within the corporate limits by his authority, and that his own absence from the limits of the town at the time did not deprive the mayor's Court of jurisdiction to try him for what was done by his agent within the limits of the town by his direction. See, also, *Tutt* v. *Greenville,* 142 Ky. 536, 134 S. W. 890, 33 L. R. A. (N. S.) 331, and note, where numerous cases are cited which sustain this conclusion.

The judgment of the Circuit Court is reversed and that of the mayor's court is affirmed.