18818

The STATE, Respondent, v. Lynn PORTER, Appellant

(162 S. E. (2d) 843)

*Messrs. Kale R. Alexander* and *David A. Fedor,* of Columbia, *for Appellant,*

*Messrs. B. O. Thomason, Jr., Solicitor,* and *H. F. Partee, Assistant Solicitor,* of Greenville, *for Respondent,*

August 13, 1968.

LEWIS; Justice.

The defendant was tried and convicted under an indictment which charged the violation of Section 16-515(2) of the 1962 Code of Laws. This section makes it a misdemeanor to occupy a room or building in this State "with books, papers, apparatus or paraphernalia for the purpose of recording or registering bets or wagers or of selling pools." Defendant has appealed upon exceptions which relate to (1) alleged error in the admission of testimony and (2) the refusal to instruct the jury as to the law of entrapment. The defendant contends under the first that without the challenged testimony there was no evidence to sustain his conviction and the trial judge should have granted defendant's timely motion for a directed verdict. Under the second it is is argued, alternatively, that the alleged error in the charge to the jury entitled defendant to a new trial in any event. We find no error in the rulings of the trial judge

with reference to the admissibility of the challenged testimony nor in the refusal to instruct the jury as to the law of entrapment.

The defendant, with his wife and children, resided in a private dwelling located on Cliffside Drive, Greenville, South Carolina. The house had a basement consisting of at least two rooms. The offense charged against defendant allegedly took place in this dwelling.

It appears that during the latter part of August 1965 Mr. Ted Owens, an officer of the South Carolina Law Enforcement Division, was assigned by his superiors to investigate certain reported gambling activities in Greenville County. In the course of his investigation the officer obtained a telephone number through which, reportedly, wagers or bets on baseball and football games could be placed. This number was not listed in the name of defendant. On September 14, 1965, the officer called the telephone number and an individual who gave his name as Lynn Porter, the defendant, answered. A bet was placed with this person and, according to his instructions, the officer left the money at the motel desk where he was staying so that it could be picked up by the one taking the bet. He testified that he talked with this same individual over the telephone at least once each week from the original contact on September 14, 1965 until the defendant was arrested on December 31, 1965. The last telephone conversation by the officer with this party was approximately 15 or 20 minutes before the defendant's arrest. The officer had never seen the defendant until the arrest but, from a comparison of the telephone voice with that of the defendant in person, he testified at the trial that the telephone voice, with which he conversed weekly from September 14th to December 31st, was that of the defendant Lynn Porter. The foregoing identification of the defendant was permitted over defendant's objection and presents the first question for decision.

It is a matter of common knowledge that a person may be recognized and identified by his voice; and accordingly, a telephone conversation between a witness and another person is admissible in evidence if the identity of the person with whom the witness was speaking is first satisfactorily established. *Cohen v. Standard Accident Insurance Co.,* 194 S. C. 533, 9 S. E. (2d) 222; 29 Am. Jur. (2d) 31A C. J. S., Evidence, §§ 368 and 381; Evidence, Section 188; Annotations: 71 A. L. R. 5, 105 A. L. R. 326.

It is recognized that the identity of the person with whom it is claimed a telephone conversation is had may be established either by testimony that the witness recognized the voice of the other party. *Gilliland & Gaffney v. Southern Railway,* 85 S. C. 26, 67 S. E. 20, 27 L. R. A., N. S., or by other circumstances. 29 Am. Jur. (2d), Evidence, Section 383.

The identify of the party with whom the witness talked need not be known at the time of the conversation; but it is sufficient if the knowledge which enabled the witness to identify the other party was obtained later. 29 Am. Jur. (2d), Evidence, Section 381. Accordingly, it has been held proper to permit a witness to testify as to a telephone conversation with a man whose voice he subsequently recognized as the voice of the defendant. *Morgan v. Brinkhoff,* Colo., 358 P. (2d) 43. See: 71 A. L. R. 35; 100 A. L. R. 333.

In this case, the witness heard the telephone voice at least once each week for a period of approximately sixteen weeks and within approximately fifteen or twenty minutes after the last telephone conversation heard the defendant speak in person. Upon the basis of a comparison of the telephone voice with that of defendant, the witness positively identified the defendant as the one with whom he had been talking and placing bets over the telephone. We think that the basis for comparison of the telephone voice

with that of defendant was sufficient to sustain the competency of the testimony.

Defendant was arrested on December 31, 1965 at his residence. When the officers arrived at the residence of the defendant, his wife first came to the door but went back into the house without letting the officers in. In response to a second knock, the defendant then came to the door and inquired as to whether the officers had a search warrant. Upon being told that the officers did not have a search warrant but did have an arrest warrant, defendant unlocked the door and the officers entered the house. After the arrest warrant was read to the defendant, he was told that the officers "wanted to look around," to which he replied, "Go ahead" or "help yourself." The house, including the basement, was then immediately searched for gambling parapheranlia. In one of the basement rooms, described as a den or playroom, there was located a telephone with four or five incoming lines operated by pushbuttons. In addition, there was found in the basement rooms, basketball, baseball, and football parlay cards, dice, playing cards, and books showing figures and scores on basketball and football games. The foregoing items were taken by the officers and later introduced in evidence at the trial over defendant's objection. He contends that, since the officers did not have a search warrant, the articles were obtained as a result of an unlawful search and were inadmissible under the rule announced in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081.

While the inquiry of the defendant as to a search warrant and his subsequent statement to the officers to go ahead and look around, amply support a finding, as a contended by the State, that the defendant thereby consented to the search, we think there is another principle, assuming there was no consent, which makes the exclusionary rule in Mapp clearly inapplicable here. It was thus stated in the case of *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607, quoting from

47 Am. Jur., Searches and Seizures, Section 19 (Cumulative Supplement) :

"When a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. The right to search and seize incident to a lawful arrest and without a warrant extends to things under the accused's immediate control and, to an extent depending on the circumstance of the case, to the place where he is arrested."

The articles in question were obtained without a search warrant, but incident to a lawful arrest, from the place where defendant was arrested and where it was charged that the unlawful gambling activities were carried on. The house was under defendant's control and the search was confined solely to implements used in the commission of the crime. Under these circumstances, the search of the residence of defendant was not unlawfully so as to make inadmissible the articles so obtained. *Harris v. United States,* 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399. There will be found an excellent annotation in 19 A. L. R. (3d) 727 in which recent cases are collected dealing with the validity of nonconsensual searches and seizures conducted without a search warrant following a lawful arrest.

The defendant contends, however, that his arrest was unlawful because made under an invalid arrest warrant. He argues that the arrest warrant was invalid because the information in the possession of the magistrate was insufficient to support its issuance. There is no merit in this contention. The warrant was issued upon an affidavit signed by Officer Owens "upon information and belief" that the defendant unlawfully occupied a house in which he kept paraphrenalia for the purpose or registering bets, wagers or selling pools in violation of Section 16-515(2) of the 1962 Code of Laws.

The warrant plainly and substantially set forth the offense charged, upon the information and belief of the officer signing the affidavit. This constituted a valid arrest warrant, *Town of Mayesville v. Clamp,* 149 S. C. 346, 147 S. E. 455, and the arrest of the defendant thereunder was a lawful arrest.

The defendant next contends that the trial court committed error in permitting witness to characterize the articles taken from defendant's home as gambling equipment. There is no merit in this position. The question is confined by defendant to two incidents during the trial. The first was a reference made by one witness to certain books or papers in evidence as containing "odds and scores" on ball games. Upon objection by defendant this testimony was stricken from the record and the court appropriately instructed the jury to disregard it. The other incident did not characterize the evidence but only related to a question asked defendant's wife by the witness in the presence of the defendant at the time of his arrest. Defendant's wife was asked if "she had any parlay cards or anything pertaining to the gambling equipment, or money," in her pocketbook. Objection was made to the reference to "gambling equipment." It was then explained that the testimony in no way characterized any of the physical evidence but related a conversation which preceded obtaining the money hereafter referred to. No prejudice from either incident is shown.

The defendant also contends that the trial judge erred in admitting in evidence certain United States currency consisting of two (2) twenty dollar bills, two (2) five dollar bills, and four (4) one dollar bills, because the money was not properly identified and connected with defendant. Officer Owens testified that he placed a bet with defendant several days before defendant's arrest and mailed currency in the above denominations to him at his residence to cover the bet. Before mailing the money a list was made of the serial numbers appearing thereon. When the defendant was arrested, his wife was present and she turned over to

the officers money which she had in her pocketbook. The money was examined and the officers testified that the money mailed by Owens to the defendant was among that obtained from defendant's wife. Another officer testified that the serial numbers on the money turned over by defendant's wife matched those which had been previously listed by Owens.

The money was sufficiently identified and connected with defendant to justify its admission in evidence. It is true that the specific serial numbers taken by Officer Owens were not placed in evidence but this was not necessary in view of the positive identification by him. It is apparent from the testimony that his identification was made from a comparison of the serial numbers which he had taken down with those on the money in question. The fact that he did not place in the record the serial numbers previously listed by him did not affect the admissibility of the evidence. Neither is there any merit in the contention that the money was not connected with the defendant. Officer Owens testified that a few minutes before defendant was arrested he had a telephone conversation with defendant in which he admitted that he received the money mailed by Owens. Defendant and his wife were living together and at the time of his arrest and in his presence the money in question was obtained from his wife. The connection of the defendant with the money was amply established to render it admissible in evidence.

Next, defendant takes the position that testimony as to the taking of bets and wagers by him from Officer Owens was irrelevant and inadmissible to prove the charge against him. Defendant was charged with occupying a house with equipment "for the purpose of recording or registering bets or wagers or of selling pools." Numerous books and papers were introduced in evidence which were capable of being used in gambling activities. The testimony of Officer Owens was to the effect that he had placed bets

with defendant over a period of several months. The defendant says that this testimony as to his gambling activities was improperly admitted since he was not charged with gambling. He was however charged with keeping equipment for the purpose of gambling. Testimony that defendant was actually engaged in gambling activities was highly relevant to show his purpose in keeping the equipment and was properly admitted in evidence.

Finally, the defendant contends that the trial judge committed error in refusing to instruct the jury as to the law of entrapment.

We have defined entrapment as "the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735.

The record contains no evidence to sustain defendant's claim of entrapment and the trial judge properly refused to instruct the jury as to such defense. The contacts of the officer with the defendant were made exclusively over the telephone. The defendant was not persuaded or lured. He acted on his own volition and was "simply caught in his own devices." 21 Am. Jur. (2d), Criminal Law, Section 144, page 214.

All exceptions are overruled and the judgement is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.