19102

WHITNEY TRADING CORPORATION, Appellant, v. Robert E. McNAIR, Governor of South Carolina, J. P. Strom, Chief of the South Carolina Law Enforcement Division, E. A. McLeod, Sheriff of Florence County, and T. E. Rogers, Jr., Magistrate, Respondents.

Edward A. McLEOD, Sheriff of the County of Florence, State of South Carolina, Respondent, v. Whitney Stores, Inc., and Robert H. Johnson, Appellants.

(176 S. E. (2d) 572)

*Messrs. Hyman, Morgan & Brown,* of Florence, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *E. N. Brandon, Assistant Attorney General,* of Columbia, and *T. K. Summerford, Solicitor,* and *Philip H. Arrowsmith,* of Florence, *for Respondents,*

September 14, 1970.

LEWIS, Justice.

This appeal involves mainly an attack on the constitutionality of Act No. 850 of the 1962 Acts of the General Assembly, 53 Stat. 2134, commonly known as the "Sunday Closing Law," now appearing as Sections 64-2 through 64-2.5 of

the 1969 Supplement to the Code of Laws. Since the constitutionality of the statute has been upheld against practically the same attack in *State v. Solomon,* 245 S. C. 550, 141 S. E. (2d) 818, we have been asked to overrule that decision to such extent.

The present litigation arose out of charges by law enforcement officials of the County of Florence that appellant was operating its large discount department store, known as Treasure City, near Florence, South Carolina, on Sunday, in violation of the foregoing statute. There are two cases involved but have been consolidated on appeal because they present identical issues. The first case, *Whitney Trading Corporation v. McNair, et al.,* was instituted on October 24, 1965 and seeks a declaratory judgment that Sections 64-2 through 64-2.5 are unconstitutional as depriving appellants of equal protection of the laws and due process of law as guaranteed by the State and Federal Constitutions. While this action was pending, appellant instituted, on October 26, 1967, an action in Federal Court, in which similar constitutional attack was made against the statutes. Their constitutionality was upheld by a three-judge Federal District Court on February 12, 1968. *Whitney Stores, Inc. v. Summerford, et al.,* 280 F. Supp. 406; affirmed by the United States Supreme Court, 393 U. S. 9. 89 S. Ct. 44, 21 L. Ed. (2d) 9.

Following the Federal Court decision, respondent Sheriff of Florence County instituted the second of the actions involved in this appeal, in which an injunction was sought against appellants to restrain the alleged repeated operation of the retail store on Sunday in violation of law. This action was instituted under Section 64-2.4 and the right to maintain it was upheld in a previous appeal. *McLeod v. Whitney Stores, Inc.,* 250 S. C. 273, 157 S. E. (2d) 254.

After hearings were held in both cases, the lower court resolved the factual issues against appellants, upheld the constitutionality of the statute involved, and issued an

injunction restraining appellants from further violations thereof.

Appellants first contend that the Sunday Closing Law has been enforced against them in an arbitrary and discriminatory manner so as to deprive them of the equal protection of the laws in violation of Article 1, Section 5, of the Constitution of this State and the Fourteenth Amendment of the United States Constitution. While a similar contention was rejected by us in *Solomon* and by the Federal Court in *Whitney*, appellants now argue, in effect, that the present factual showing as to discriminatory enforcement is stronger and requires a different conclusion. We disagree.

There is here, as in the previous cases, a complete failure to show the necessary "element of intentional or purposeful discrimination." *Snowden v. Hughes,* 321 U. S. 1, 64 S. Ct. 397, 88 L. Ed. 497. The evidence simply shows that there have been other violations of the Sunday Closing Law in the Florence area and over the State of South Carolina, for which prosecutions were not made. This may show a laxity of enforcement but does not establish intentional or purposeful discrimination against appellant. And such discriminatory purpose will not be presumed. *Snowden v. Hughes, supra.*

The lower court properly held that there was a total failure to establish the charge of discriminatory enforcement of the statute against appellant.

The remaining attacks upon the constitutionality of the statute are based upon the contentions that (1) the commodity classification established therein is arbitrary, capricious and discriminatory; and (2) its provisions are so vauge as to provide no definitive standard as to what conduct is permitted and what is prohibited. The lower court properly resolved these issues against appellants upon the authority of *State v. Solomon, supra,* where the constitutionality of the present statute was upheld against basically similar attacks. In the light of our prior decision, further discussion of these questions is unnecessary here.

Appellants ask however that we overrule *Solomon* in the foregoing respects. We have carefully reviewed our decision in *Solomon* but find nothing advanced in these cases, either factually or legally, which convinces us that *Solomon* was unsoundly decided; and adhere to our holdings therein.

The remaining questions challenge the sufficiency of the evidence to sustain the granting of injunctive relief.

The lower court granted the injunction sought against the appellants, restraining them from operating the retail store in violation of the statute. It is first contended that the injunction was improperly granted against the corporate appellant because the evidence was insufficient to support a finding that Sunday sales were made by the corporation or its agents. This position is based upon the factual showing that the corporate appellant leases the building in which the retail store is operated and then sublets the various areas for the sale of different commodities, each sublessee having its own checkout counter and control of the employees working in its respective department. Appellants argue in their brief that "the employees in the various departments and the departments themselves were independent contractors and not agents of the appellant and, if any Sunday sales were made, they were not made by the appellant (corporation) or its agents but by the independent contractors."

While, a large portion of the sales area of the store is sublet by the corporate appellant, it retains and operates the clothing, magazine, and alcoholic beverage departments. In addition, the record sustains the inference that the corporate appellant determines the store hours, whether the store will open for business on Sunday, and the policies which govern the determination of the various items which are permitted to be sold on Sunday. Such control extended to the basis of this controversy and the lower court properly so found.

Finally, the lower court also found that the corporate appellant has been and is engaging in an attempt to evade the

Sunday Closing Law and has sold merchandise over a period of many Sundays in violation thereof. Appellants contend that the evidence fails to support such finding.

Section 64-2.4 makes the doing of any work or the selling of any goods or merchandise in violation of the prohibitions of the Sunday Closing Law a nuisance and authorities the issuance of an injunction restraining such violation. The manager of the corporate appellant was convicted of selling prohibited merchandise from the store. Appellants admit that the store was open for business from 1:00 p.m. until 7:00 p.m., each Sunday, from August 1966 until the present restraining order was issued in January 1969, and that during a portion of such time any item in the store was for sale if the customer would merely sign a certificate stating that the particular item was a necessity. The foregoing amply sustains the factual findings in question and justified the granting of injunctive relief under the provisions of Section 64-2.4.

All exceptions are overruled and the judgment of the lower court in each of the cases here under appeal are accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.