19103

The STATE, Respondent, v. Robert H. JOHNSON, Appellant

(176 S. E. (2d) 575)

*Messrs. Hyman, Morgan & Brown,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *E. N. Brandon, Assistant Attorney General,* of Columbia, and *T. K. Summerford, Solicitor,* of Florence, *for Respondent,*

September 14, 1970.

LEWIS, Justice:

This is an appeal from a conviction of selling merchandise on Sunday, in violation of Sections 64-2 through 64-2.2, 1969 Supplement to the Code of Laws, commonly referred to as the "Sunday Closing Law." The questions presented involve a determination of (1) whether there was any evidence to sustain the conviction, (2) whether the sales of merchandise for which appellant was convicted were procured by entrapment, and (3) whether the statutes under

which the appellant was convicted are unconstitutional as violative of the equal protection and due process clauses of the State and Federal Constitutions.

Appellant, Robert H. Johnson, was, at the times involved, Manager of Treasure City, a large discount department store, operated by Whitney Stores, Inc., near the City of Florence, South Carolina. While the store was open for business on Sunday afternoon, February 26, 1967, a deputy sheriff made two purchases there—a white shirt and a phonograph record—upon which the present conviction was based. It is undisputed that it was unlawful to sell these two items of merchandise on Sunday.

The articles purchased by the officer were selected by him on a self-service basis, and paid for at a check-out counter in charge of a cashier who was in the employ of the store over which appellant was manager. Any item in the store could be purchased on Sunday, except beer, if the purchaser signed a statement, furnished by the store, that the particular item was a necessity. The statement was required by the management of the store in an attempt, clearly ineffective, to circumvent the provisions of the statutes which prohibited the sales of many items of merchandise on Sunday.

Shortly after the foregoing purchases by the officer, this prosecution was instituted, charging appellant, the manager of the store, with selling or allowing to be sold the two items in violation of the Sunday Closing Law.

Appellant first takes the position that the sale in question was not made by him but by the cashier and there is nothing to show that he had any connection therewith. The State contends, on the other hand, that the sale was made under appellant's management and direction so as to make him criminally responsible.

> One may commit a crime through the agency of another. *Town of Hartsville v. McCall,* 101 S. C. 277, 85 S. E. 599. Appellant was manager of the store

and the cashier was an employee. The store was open for business on the Sunday in question for the sale of practically any item of merchandise, under a plan, inferentially, devised by the management, whereby sales were made in violation of the law. It is undisputed that the cashier, in making the sale under the foregoing plan, was doing exactly what she was employed to do on the Sunday in question. We think the evidence was sufficient to sustain the conviction of appellant. *City of Charleston v. Jenkins,* 243 S. C. 205, 133 S. E. (2d) 242.

Appellant next contends that the evidence conclusively shows the sale was procured by entrapment and, if not conclusively shown, such was a factual issue which should have been submitted to the jury for determination under appropriate instructions. This question was not raised in the lower court. It has therefore been waived and cannot be raised on appeal for the first time.

In any event, there is no merit in the contention that the purchase was made by entrapment. The officer simply went into the store, selected the items of merchandise, signed the statement required of all customers, and paid for the purchase. The sale was not induced by the officer, but was made in accordance with the plan regularly followed by the store in such instances. The officer, as a customer, simply afforded the opportunity for an illegal sale in the manner previously contrived by the management of the store. Such did not constitute entrapment. *State v. Porter,* 251 S. C. 393, 162 S. E. (2d) 843; *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735.

The remaining questions concern the constitutionality of the statutes under which appellant was convicted. The identical constitutional questions presented in this case have been decided adversely to appellant's contention in the cases of *Whitney Trading Corporation v. McNair and McLeod v. Whitney Stores,* the opinion in which is being filed this date; and need not be pursued further here. S. C., 176 S. E. (2d) 572.

18 

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.