22865

The STATE, Respondent v. Pearl JOHNSON, Appellant.

(367 S. E. (2d) 700)

Supreme Court

*Chief Atty. William Isaac Diggs* and *Asst. Appellate Defender Tara Shurling Frick* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Att. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M.*

*Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

Heard Feb. 1, 1988.

Decided April 25, 1988.

FINNEY, Justice:

Appellant, Pearl Johnson, was convicted for distributing cocaine and sentenced to ten years imprisonment. We reverse and remand this case for a new trial.

On October 20, 1986, a South Carolina Law Enforcement Division (SLED) narcotics agent and informant Gordon Banks visited Jelly's Nightclub in Martin, South Carolina, to purchase drugs. While the SLED agent and Banks sat outside Jelly's in a parked car, Banks summoned appellant to the vehicle to introduce her to the undercover agent. The agent and Banks informed appellant that they wished to purchase some crack before journeying to North Carolina. Appellant went to a nearby house and returned with an amount of crack which the agent purchased for $275.00.

Appellant argues that the trial court erred in denying her request for a jury instruction on the law of entrapment where the evidence presented supported such an instruction. According to appellant, she and Banks lived together for over five years and had been separated for less than one month when she was approached by the agent and Banks to secure some crack for them. She testified that she agreed to obtain the drugs only after yielding to Banks' incessant demands and because of their personal relationship. She further testified that she did not receive any of the proceeds from the transaction.

The affirmative defense of entrapment is available where there is the "conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for trickery, persuasion, or fraud of the officer."[1] *State v. Jacobs,* 238 S. C. 234, 244, 119 S. E. (2d) 735, 740 (1961).

---

[1] Although Banks was not a law enforcement officer, he was acting at the behest of an officer; thus, his actions may have amounted to governmental trickery or persuasion.

It is a well settled principle of law that the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence. *Sorrells v. United States*, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413 (1932). The fact that a government official "merely afford[s] opportunities or facilities for the commission of the offense does not constitute entrapment." *Sherman v. United States*, 356 U. S. 369, 372, 78 S. Ct. 819, 821, 2 L. Ed. (2d) 848 (1958). The state contends that appellant is not entitled to a jury charge on the defense of entrapment because she admitted that she had previously purchased drugs for Banks, thereby acknowledging her predisposition to purchase drugs. The state avers that appellant's predisposition to engage in unlawful drug activity negates any defense of entrapment. *See, State v. Haulcomb*, 260 S. C. 260, 195 S. E. (2d) 601 (1973); *State v. Jacobs*, 238 S. C. 234, 119 S. E. (2d) 735 (1961). We disagree.

One pleading entrapment has the burden of showing that he was induced, tricked or incited to commit a crime, which he would not otherwise have committed. *Babb v. State*, 240 S. C. 235, 125 S. E. (2d) 467 (1962); *State v. Jacobs, supra.* The issue of whether or not the defense of entrapment has been established is ordinarily a question of fact for a jury unless there is undisputed evidence and only one reasonable conclusion can be reached. In the instant case, appellant had a close personal relationship with Banks which had recently turned sour. Under the circumstances, we conclude that there was sufficient evidence of entrapment to support such a charge to the jury. *State v. Porter*, 251 S. C. 393, 162 S. E. (2d) 843 (1968).

Thus, we conclude that the trial court erroneously denied appellant's request for a jury instruction on the law of entrapment. Appellant's remaining exception is disposed of pursuant to Supreme Court Rule 23. *State v. Chaffee*, 285 S. C. 21, 328 S. E. (2d) 464 (1984), *cert. denied*, 471 U. S. 1009, 105 S. Ct. 1878, 85 L. Ed. (2d) 170, *reh. denied*, 471 U. S. 1120, 105 S. Ct. 2369, 86 L. Ed. (2d) 268 (1985).

Reversed and remanded.

NESS, C. J., and HARWELL and CHANDLER, JJ., concur.

GREGORY, J., dissents.

GREGORY, Justice (dissenting):

I respectfully dissent. While I agree with the majority's statement of the applicable rule of law, I disagree that appellant is entitled to a charge of entrapment on the facts before us. In my view, it would have been error had the trial judge charged a defense of entrapment.