### 1501

The STATE, Respondent v. Aretha COOPER, Appellant.

(394 S.E. (2d) 717)

Court of Appeals

*Assistant Appellate Defenders Joseph L. Savitz, III,* and *Robert M. Dudek,* both of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. Randolph L. Murdaugh, Jr.,* Hampton, *for respondent.*

Heard April 11, 1990.

Decided May 29, 1990.

GOOLSBY, Judge:

Aretha Cooper appeals from her conviction and sentence for criminal conspiracy and distribution of crack cocaine. She complains of the trial court's refusal to charge the jury on the defense of entrapment. We affirm.

Cooper's conviction arises out of her delivery to an undercover agent of crack cocaine purchased by Cooper from a dealer with money supplied by the undercover agent.

The defense of entrapment is not available to a defendant with a predisposition, independent of government inducement and influence, to commit the crime with which the defendant is presently charged. *State v. Johnson,* 295 S.C. 215, 367 S.E. (2d) 700 (1988). Cooper contends she was entitled to a jury charge on the defense of entrapment because there is evidence she was not predisposed "to deal crack cocaine." We disagree.

Cooper is an admitted purchaser and two-to-three-times-a-week user of crack cocaine. Her own testimony shows she participated in the drug buy expecting to share in the purchase. Indeed, she testified the undercover agent gave her a portion of the crack cocaine.

Unlike the defendant in *Johnson*, the principal case relied on by Cooper, the evidence shows Cooper engaged in illegal activity because of her own preexisting readiness to do so and not because of incessant demands made upon her by the undercover agent and because of a close personal relationship with the undercover agent. *Cf. United States v. Principe*, 482 F. (2d) 60, 62 (1st Cir. 1973) ("[T]he ultimate focus of concern is . . . on the defendant's own 'predisposition' to commit the crime.").

Affirmed.

SHAW and BELL, JJ., concur.