THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Walter Jenkins, Appellant.
 
 
 

Appeal From Beaufort County
 Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2006-UP-414
Submitted December 1, 2006  Filed December 15, 2006  

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Shawn L. Reeves, all of Columbia, and Solicitor I. McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Walter Jenkins was indicted for distribution of crack cocaine and distribution of crack cocaine within a half mile of a school.  He was convicted as charged and the trial court sentenced him to ten years imprisonment on each charge, the sentences to run concurrently.  Jenkins appeals, arguing the trial court erred in refusing to charge the jury on the defense of entrapment.  We affirm.[1]
FACTUAL/PROCEDURAL BACKGROUND
On April 14, 2004, officers with the Beaufort County Drug Task Force set up a controlled buy using a confidential informant (hereinafter informant) to purchase drugs.  The informant was searched, equipped with audio and video recording devices, given $40 of prerecorded money, and dropped off in close proximity to the targeted location, a well known drug house and the home of Walter Jenkins.  
The informant testified that on April 14, 2004, he made a drug buy for the Drug Task Force.  On that day, Walter Jenkins was the target of the controlled buy.[2]  Prior to going to the targeted location, the informant told the officer the target in this case may want to be paid in drugs and asked what he should do if the target asked for a portion of the crack instead of money for payment.  The officer instructed the informant not to distribute the drugs himself, but it was okay if the target pinched out of the bag, taking part of the crack himself.  The informant testified that a pinching payment is considered a standard custom.  
When the informant arrived at Jenkins home, Jenkins nephew directed him to the bedroom.  The informant approached Jenkins and told him that he wanted to get something for forty.  Jenkins responded by asking the informant where he was going to get it.  The informant suggested a man who lived around the corner named Henry may have something.  Jenkins then picked up the phone and dialed a number.  While talking on the phone, Jenkins stated he would pick them up at the gate within two minutes.  The informant stated he did not hand Jenkins the phone or give him any information other than suggesting Henry as a possible source.  The informant did not know who Jenkins talked to on the phone.  The informant gave Jenkins $40, Jenkins left, and the informant remained in the room waiting for him.  When Jenkins retuned, he had a plastic bag containing crack in his hand.  Jenkins told the informant to give him a portion of the crack in payment, and the informant instructed Jenkins to take what he thought he deserved.  Once Jenkins took a portion, he handed the bag with the remainder of the crack to the informant and the informant left.  In response to a question on cross-examination, the informant stated the reason he chose to go there was because he had purchased drugs from Mr. Walter Jenkins in the past.  
At the close of the States case, Jenkins moved for a directed verdict arguing, in part, that the facts showed he was entrapped in the sale of cocaine.  The court denied the motion.  The defense then rested without presenting any evidence.  Thereafter, Jenkins requested the court charge the jury on the defense of entrapment.  The State opposed the charge.  The trial court determined there was evidence of record that the informant had purchased drugs from Jenkins in the past, and declined to charge the law on entrapment.  The jury found Jenkins guilty on both the distribution and proximity charge and the court sentenced him to concurrent ten year sentences.  This appeal follows.
LAW/ANALYSIS
Jenkins argues the trial court erred in refusing to instruct the jury on the defense of entrapment.  We disagree.
[E]ntrapment occurs: (W)here one is instigated, induced or lured by an officer of the law or other person for the purpose of prosecution into the commission of a crime which he had otherwise no intention of committing.  State v. Hayden, 268 S.C. 214, 219, 232 S.E.2d 889, 891 (1977) (quoting State v. Haulcomb, 260 S.C. 260, 195 S.E.2d 601 (1973)).  The affirmative defense of entrapment is available where there is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for trickery, persuasion, or fraud of the officer.  State v. Johnson, 295 S.C. 215, 216, 367 S.E.2d 700, 701 (1988) (quoting State v. Jacobs, 238 S.C. 234, 244, 119 S.E.2d 735, 740 (1961)) (emphasis added).  It is a well settled principle of law that the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence.  Id. at 217, 367 S.E.2d at 701. Although a confidential informant is not a law enforcement officer, where he acts at the behest of an officer, his actions may amount to governmental trickery or persuasion.  Id.  at 216 n.1, 367 S.E. 2d at 701 n.1.  One who pleads entrapment has the burden of showing that he was induced, tricked or incited to commit a crime, which he would not otherwise have committed.    Id. at 217, 367 S.E.2d at 701.  The fact that a government official merely afford[s] opportunities or facilities for the commission of the offense does not constitute entrapment.  Id. (quoting Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958)).  See also, State v. Haulcomb, 260 S.C. 260, 269, 195 S.E.2d 601, 605 (1973) (When a law enforcement officer merely provides an opportunity for crime, no entrapment is envolved.).  The entrapment defense consists of the following two elements:  (1) government inducement, and (2) lack of predisposition.  State v. Brown, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) (citing Matthews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988)).  Thus, [t]he court may find as a matter of law that no entrapment existed, when there is no evidence in the record that, if believed by the jury, would show that the governments conduct created a substantial risk that the offense would be committed by a person other than one ready and willing to commit it.  Id. at 263, 607 S.E.2d at 95 (quoting United States v. Osborne, 935 F.2d 32, 38 (4th Cir.1991)).
In State v. Brown, 362 S.C. 258, 607 S.E.2d 93 (Ct. App. 2004), this court found the defendant was entitled to a jury charge on the law of entrapment.  However, in Brown, we noted there was no evidence of any prior drug transactions between the confidential informant and Brown.  Id. at 264, 607 S.E.2d at 96.  Nor was there any evidence of record that Brown had a history of drug dealing.  Id. at 261 n.1, 607 S.E.2d at 94 n.1.  We further found there was evidence of record of Browns lack of predisposition to commit the offense of distribution of cocaine.  Id. at 264-65, 607 S.E.2d at 96. 
Unlike Brown, the evidence in the case at hand shows Jenkins predisposition to participate in illegal drug activity.  After the informant told Jenkins he wanted to get something for forty and suggested Henry may have something, Jenkins, on his own, picked up the phone, dialed a number, and spoke with someone, stating to that party he would pick them up at the gate within two minutes.  When the informant gave Jenkins $40, Jenkins left and shortly thereafter retuned with crack cocaine.  Jenkins then gave the crack cocaine to the informant and received a portion of the drug in payment.  Further, the record contains undisputed evidence the informant had purchased drugs from Jenkins in the past.  
This case is more in line with this courts decision in State v. Cooper, 302 S.C. 184, 394 S.E.2d 717 (Ct. App. 1990).  There, we found no error in the trial courts refusal to charge the jury on the defense of entrapment.  Id. at 185, 394 S.E.2d at 718.  Coopers conviction arose out of her delivery of drugs to an undercover agent, which she purchased from a dealer with money supplied by the undercover agent.  Id.  Noting evidence that Cooper was an admitted purchaser of crack cocaine, that she participated in the drug buy expecting to share in the purchase, and did in fact receive a portion of crack cocaine in payment, we determined the evidence showed Cooper engaged in illegal activity because of her own preexisting readiness to do so.  Id. at 186, 394 S.E.2d at 718.  
As in Cooper, the evidence shows Jenkins engaged in the drug deal, not because of any governmental inducement, but because he was ready and willing to engage in the illegal activity and was predisposed to commit the crime.  We therefore find no error in the trial courts refusal to charge the jury on the defense of entrapment.  Accordingly, Jenkins convictions are  
 AFFIRMED.
ANDERSON, HUFF and WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] While Jenkins was the target that day, the case officer on this matter testified the target location was a well known drug house and anyone at the house could have sold the drugs and that would have constituted our buy.