THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Donald L.
 Johnson, Appellant.
 
 
 
 
 

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-373
 Submitted June 1, 2010  Filed July 21,
2010    

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Julie Thames, all of Columbia;
 and Solicitor Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Donald
 L. Johnson appeals his convictions for distribution of crack cocaine and
 distribution of crack cocaine within proximity of a school, arguing the trial
 court erred in denying his motion for a continuance and request to charge the
 jury on entrapment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1.  As to the motion for a
 continuance:  State v. McMillian, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) (stating the
 denial of a motion for a continuance will not be disturbed absent a clear abuse
 of discretion and reversals of refusals of continuances are about as "rare
 as the proverbial hens' teeth"); State v. Williams, 321 S.C. 455,
 459, 469 S.E.2d 49, 51-52 (1996) ("Where there is no showing that any
 other evidence on behalf of the appellant could have been produced, or that any
 other points could have been raised had more time been granted for the purpose
 of preparing the case for trial, the denial of a motion for continuance is not
 an abuse of discretion."); State v. Ravenell, 387 S.C. 449, 457,
 692 S.E.2d 554, 558 (Ct. App. 2010) (finding defendant waived his
 constitutional right to be present at trial after he was notified of his right
 to attend and instructed his failure to appear would result in being tried in
 his absence, as well as noting defendant's bond form sufficiently warned him of
 being tried in his absence for failing to appear).
2.  As to the
 jury charge:  State v. Johnson, 295 S.C. 215, 217, 367 S.E.2d 700, 701
 (1988) ("One pleading entrapment has the burden of showing that he was
 induced, tricked or incited to commit a crime, which he would not otherwise
 have committed.").
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS,
 JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.