THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Tijuan Peake, Appellant.
 
 
 

Appeal From Union County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-297  
 Submitted June 1, 2011  Filed June 14,
2011

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia,
 for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of
 Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Tijuan Peake appeals his convictions for
 distribution of crack cocaine and distribution of crack cocaine in proximity of
 a school.  Peake argues the trial court erred in the following: (1) admitting tax
 maps into evidence because they constituted inadmissible hearsay; and (2)
 refusing to charge the jury on the law of entrapment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to whether the trial court erred in
 allowing the tax maps into evidence:  S.C. State Highway Dep't v. Wilson,
 254 S.C. 360, 369, 175 S.E.2d 391, 396 (1970) ("[T]he admission or
 exclusion of evidence is a matter which is addressed to the sound discretion of
 the trial judge and . . . in the absence of a clear abuse of such
 discretion, amounting to an error of law, his ruling will not be
 disturbed."); S.C. Code Ann. §
 19-5-510 (1985) ("A record of an act, condition or event shall, insofar as
 relevant, be competent evidence if the custodian or other qualified witness
 testifies to its identity and the mode of its preparation, and if it was made
 in the regular course of business, at or near the time of the act, condition or
 event and if, in the opinion of the court, the sources of information, method
 and time of preparation were such as to justify its admission."); Rule
 803(6), SCRE ("A memorandum, report, record, or data compilation, in any
 form, of acts, events, conditions, . . . made at or near the time by, or from
 information transmitted by, a person with knowledge, if kept in the course of a
 regularly conducted business activity, and if it was the regular practice of
 that business activity to make the memorandum, report, record, or data
 compilation, all as shown by the testimony of the custodian or other qualified
 witness, unless the source of information or the method or circumstances of
 preparation indicate lack of trustworthiness.").
2. As to
 whether the trial court erred in refusing to charge the jury on the law of
 entrapment:  State v. Johnson, 295 S.C. 215, 217, 367 S.E.2d 700,
 701 (1988) ("It is a well settled principle of law that the defense of
 entrapment is not available to a defendant exhibiting a predisposition to
 commit a crime independent of governmental inducement and influence."); State v. Brown,
 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004) ("The law to be charged to the
 jury is determined by the evidence presented at trial.").  
AFFIRMED.

SHORT, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.