**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Lee Ira Smith, Appellant.

Appellate Case No. 2011-202986

―――――――――

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-371
Submitted September 1, 2013 – Filed October 9, 2013

―――――――――

### AFFIRMED

―――――――――

Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCroy Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Smith's motion for a directed verdict on the third-degree burglary charge: *State v. Lewis*, 403 S.C. 345, 353, 743 S.E.2d 124, 128 (Ct. App. 2013) ("In reviewing the denial of a motion for a directed verdict, this court must view the evidence in the light most favorable to the State . . . ."); *id.* ("[I]f there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-313 (2003) ("A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein."); *State v. Johnson*, 255 S.C. 14, 16, 176 S.E.2d 575, 576 (1970) ("One may commit a crime through the agency of another."); *Town of Hartsville v. McCall*, 101 S.C. 277, 279, 85 S.E. 599, 600 (1915) ("Since an act by an agent has in law the effect of a personal act, if one employs another to do a criminal thing for him, he is guilty the same as though he had done it himself."); *id.* ("It makes no difference whether [the agent] was a guilty or an innocent agent."); *id.* (reasoning "we would have the anomaly of a crime having been committed without a criminal" if a principal were not held responsible for the crimes of an innocent agent).

2. As to whether the trial court erred in denying Smith's motion for a directed verdict on the grand larceny charge: *Lewis*, 403 S.C. at 353, 743 S.E.2d at 128 ("In reviewing the denial of a motion for a directed verdict, this court must view the evidence in the light most favorable to the State . . . ."); *id.* ("[I]f there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the case was properly submitted to the jury."); S.C. Code Ann. § 16-13-30(B) (Supp. 2012) ("Larceny of goods . . . valued in excess of two thousand dollars is grand larceny."); *State v. Brown*, 402 S.C. 119, 129, 740 S.E.2d 493, 498 (2013) ("Under South Carolina law, a property owner is generally qualified by the fact of ownership to give her estimate concerning the value of her property unless the owner's lack of qualification is so complete as to render that testimony entirely worthless."); *id.* at 131, 740 S.E.2d at 499 ("[A] property owner's testimony alone is sufficient to support a conviction for grand larceny.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.