**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dean Nelson Seagers, Appellant.

Appellate Case No. 2015-001662

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2017-UP-263
Submitted May 1, 2017 – Filed June 28, 2017

**AFFIRMED**

Tara Dawn Shurling, of Law Office of Tara Dawn
Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Susan Ranee Saunders, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

**PER CURIAM:** Dean Nelson Seagers appeals his conviction of distribution of cocaine base, arguing the trial court erred in (1) admitting a detective's voice identification testimony when the State failed to present a sufficient foundation, (2)

admitting the detective's voice identification testimony when the detective was not qualified as an expert in voice identification and the jury was likely, on the narrow facts of the case, to view his testimony as deriving from his qualifications as an expert in narcotics investigations, and (3) instructing the jury on the law of accomplice liability when no evidence adduced at trial tended to establish that Seagers acted in concert with anyone.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting the voice identification testimony: *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Smith*, 307 S.C. 376, 386, 415 S.E.2d 409, 415 (Ct. App. 1992) ("[A] witness'[s] testimony of identification of a person by having heard his voice has been regarded as legitimate and competent evidence to establish identity in criminal cases."); *id.* at 387, 415 S.E.2d at 415 (recognizing "the identity of the party with whom the witness talked need not be known at the time of the conversation, but is sufficient if knowledge enabling the witness to identify the other party is later obtained" (citing *State v. Porter*, 251 S.C. 393, 398, 162 S.E.2d 843, 846 (1968))); *State v. Fripp*, 396 S.C. 434, 441, 721 S.E.2d 465, 468 (Ct. App. 2012) ("[T]he identification of a familiar person does not require any specialized knowledge, skill, experience, or training . . . .").

2.  As to whether the trial court erred in charging the jury on the law of accomplice liability: *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion."); *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 325 (Ct. App. 2002) ("The law to be charged is determined from the evidence presented at trial."); *State v. Smith*, 391 S.C. 408, 412, 706 S.E.2d 12, 14 (2011) ("If there is any evidence to warrant a jury instruction, a trial court must, upon request, give the instruction."); *State v. Dickman*, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) ("It is well-settled that a defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense."); *Condrey*, 349 S.C. at 194, 562 S.E.2d at 324 ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."); *State v. Gibson*,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010) ("In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, but rather can prove the same by circumstantial evidence and the conduct of the parties.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**