**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Earle McGill, Appellant.

Appellate Case No. 2019-001902

―――――――――

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2023-UP-109
Submitted March 1, 2023 – Filed March 22, 2023
Withdrawn, Substituted and Refiled May 24, 2023

―――――――――

**AFFIRMED**

―――――――――

William Norman Epps, III, of Epps & Epps, LLC, of
Anderson, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor David Matthew
Stumbo, of Greenwood, all for Respondent.

―――――――――

**PER CURIAM:** Kenneth Earle McGill appeals his conviction for trafficking methamphetamine, more than 100 grams but less than 200 grams, and his sentence of twenty-five years' imprisonment. On appeal, McGill argues the trial court erred when it (1) denied McGill's motion to quash the indictment as duplicitous and did not give the jury a special verdict form; (2) refused to instruct the jury on entrapment; and (3) denied McGill's request for a continuance to review newly provided information. We affirm pursuant to Rule 220(b), SCACR.

1. The trial court did not abuse its discretion in refusing to quash the indictment as duplicitous and failing to give the jury a special verdict form. We find the indictment was not duplicitous because it related only to one crime which constituted a continuous course of conduct. *See State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id*. ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion without evidentiary support."); *State v. Shoemaker*, 276 S.C. 86, 88, 275 S.E.2d 878, 879 (1981) ("An indictment phrased substantially in the language of the statute which creates and defines the offense is ordinarily sufficient."); *State v. Pee Dee News Co.*, 286 S.C. 562, 565, 336 S.E.2d 8, 9 (1985) (holding "indictments relate to one crime only, and the description of more than one method of violation does not create a new crime" and will not be found to be duplicitous).

2. The trial court did not err in refusing to instruct the jury on entrapment because McGill did not meet his burden of showing he was induced to commit the crime, as he was predisposed to trafficking methamphetamine. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *id*. at 479, 697 S.E.2d at 584 ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion."); *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("[T]he entrapment defense consists of two elements: (1) government inducement, and (2) lack of predisposition."); *id*. ("One pleading entrapment has the burden of showing that he was induced, tricked or incited to commit a crime, which he would not otherwise have committed." (quoting *State v. Johnson*, 295 S.C. 215, 217, 367 S.E.2d 700, 701 (1988))); *Johnson*, 295 S.C. at 217, 367 S.E.2d at 701 ("It is a well settled principle of law that the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence.").

3. The trial court did not abuse its discretion in refusing to grant McGill a continuance to review the contents of a potential witness's phone because he had the opportunity to review the phone data during the trial and he was able to impeach the witness—his stated purpose for reviewing the data—by other means. *See State v. Ravenell*, 387 S.C. 449, 454, 692 S.E.2d 554, 557 (Ct. App. 2010) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("An appellate court is bound by the trial court's factual findings unless they are clearly erroneous."); *id.* at 455, 692 S.E.2d at 557 ("The trial court's denial of a motion for a continuance will not be disturbed on appeal absent a clear abuse of discretion."); *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ("[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.