607 S.E.2d 93

The STATE, Respondent,

v.

Charles BROWN, Appellant.

No. 3912.

Court of Appeals of South Carolina.

Heard Oct. 13, 2004.
Decided Dec. 20, 2004.
Rehearing Denied Jan. 20, 2005.

James Arthur Brown, Jr., of Beaufort, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Randolph Murdaugh, III, of Hampton, for Respondent.

BEATTY, J:

Charles Brown appeals his conviction for distribution of cocaine. He argues the trial judge erred in refusing to charge the jury the defense of entrapment. We reverse and remand for a new trial.

## FACTS

On March 13, 2002, SLED Agent William Kimble met with a paid confidential informant, Harold David Anderson, to conduct a controlled purchase of cocaine from Charles Brown in Beaufort. Anderson was subject to pending criminal charges in Georgia and had aspirations of attending the Georgia Police Academy. The operation was initiated by SLED as a result of a discussion with the Georgia Bureau of Investigations, the organization for which Anderson primarily worked. Although several officers with the narcotics division of the Beaufort County Sheriff's Department assisted in the operation, they had no prior knowledge of any alleged drug dealing by Brown. At the time of the incident, Anderson and Brown had casually known each other for about a year. Anderson spoke with Brown several times by telephone during the day of the controlled buy to arrange the deal.

As a result of the telephone conversations, Kimble and Anderson drove together to Brown's place of employment.

Brown met with them inside but did not conduct the requested transaction. Instead, he asked Anderson and Kimble to wait forty minutes to an hour so that he could retrieve the drugs. Brown called after that time and the group agreed to meet at Burger King. Because Brown refused to deal directly with Kimble, Kimble gave Anderson $200 in marked cash to complete the transaction. When Anderson got into the car with Brown, he gave Brown the money in exchange for 3.16 grams of cocaine. Subsequently, Brown was arrested and indicted for distribution of cocaine.

At trial, Brown's counsel moved for a directed verdict and requested a charge of entrapment after the close of the evidence. Counsel argued that law enforcement in Beaufort County was not familiar with Brown until the Georgia Bureau of Investigations prompted the drug operation. Counsel further asserted the State failed to present evidence that Brown was a drug dealer. The judge denied the motion and the request to charge. Because Brown failed to testify or present evidence to support the affirmative defense of entrapment, the judge found Brown was not entitled to the requested charge.[1] The judge further ruled there was no evidence in the record to support the defense.

The jury convicted Brown of distribution of cocaine. The trial judge sentenced him to nine years imprisonment. Brown appeals.

## DISCUSSION

Brown asserts the trial judge erred in declining to instruct the jury regarding the defense of entrapment. He contends the evidence supporting his entrapment defense was presented through cross-examination of the State's witnesses and based on the State's evidence. We agree.

Generally, the trial judge is required to charge only the current and correct law of South Carolina. *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 302 (2002). "The

1. The record reflects the judge was initially inclined to give the charge of entrapment until the Solicitor alluded that the predisposition element of the offense of entrapment was satisfied by Brown's prior drug dealing. However, there is no evidence contained in the record indicating that Brown had a drug dealing history.

law to be charged to the jury is determined by the evidence presented at trial." *State v. Hill,* 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993). If there is any evidence to support a jury charge, the trial judge should grant the request. *State v. Shuler,* 344 S.C. 604, 632, 545 S.E.2d 805, 819 (2001), *cert. denied,* 534 U.S. 977, 122 S.Ct. 404, 151 L.Ed.2d 306 (2001). To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant. *State v. Hughey,* 339 S.C. 439, 450, 529 S.E.2d 721, 727 (2000), *cert. denied,* 531 U.S. 946, 121 S.Ct. 345, 148 L.Ed.2d 277 (2000).

 "The affirmative defense of entrapment is available where there is the 'conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for trickery, persuasion, or fraud of the officer.'" *State v. Johnson,* 295 S.C. 215, 216, 367 S.E.2d 700, 701 (1988) (quoting *State v. Jacobs,* 238 S.C. 234, 244, 119 S.E.2d 735, 740 (1961)). "It is a well settled principle of law that the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence." *Johnson,* 295 S.C. at 217, 367 S.E.2d at 701. Thus, the entrapment defense consists of two elements: (1) government inducement, and (2) lack of predisposition. *Matthews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). The United States Supreme Court explained the rationale underlying the defense of entrapment as follows:

> When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor.

*Sorrells v. United States,* 287 U.S. 435, 445, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

 "One pleading entrapment has the burden of showing that he was induced, tricked or incited to commit a crime, which he would not otherwise have committed." *Johnson,* 295 S.C. at 217, 367 S.E.2d at 701; *Babb v. State,* 240 S.C. 235, 237, 125 S.E.2d 467, 467 (1962), *cert. denied,* 375 U.S. 979, 84

S.Ct. 502, 11 L.Ed.2d 425 (1964) ("Entrapment is an affirmative defense to the crime charged and imposes upon the accused the burden of showing that he was induced to commit the act for which he is being prosecuted."). "[T]he defendant has the initial burden to produce more than a scintilla of evidence that the government induced him to commit the charged offense, before the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." *United States v. Sligh*, 142 F.3d 761, 762 (4th Cir.1998) (citations omitted). "A defendant is not entitled to an entrapment instruction unless he can meet this initial burden of producing some evidence of government inducement." *Id.* at 762–63. Thus, "[t]he court may find as a matter of law that no entrapment existed, when there is no evidence in the record that, if believed by the jury, would show that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready and willing to commit it." *United States v. Osborne*, 935 F.2d 32, 38 (4th Cir.1991).

As a threshold matter, Brown's decision not to testify or call witnesses did not automatically preclude him from receiving the requested charge on entrapment. The United States Supreme Court has ruled that it is not necessary for a defendant to testify or present any evidence to invoke the defense of entrapment. *Sherman v. United States*, 356 U.S. 369, 373, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). In *Sherman*, the defense called no witnesses. The Court concluded from the evidence that entrapment was established as a matter of law. In so holding, the Court stated that it was "not choosing between conflicting witnesses, nor judging credibility ... We reach our conclusion from the undisputed testimony of the *prosecution's witnesses*." *Id.* (emphasis added). Therefore, the trial judge erred, as a matter of law, when he denied the charge on the ground Brown did not testify, call witnesses, or present any evidence other than through the prosecution witnesses.

The question then becomes whether there was sufficient evidence to support the affirmative defense of entrapment. In analyzing this issue, we must consider Brown's version of the facts as true. *See United States v. Trejo*, 136

F.3d 826, 827 (D.C.Cir.1998) ("In determining whether an entrapment defense is warranted, the court considers appellant's version of the facts to be true."). Because the question of entrapment is generally one for the jury, an appellate court reviews the trial court's decision not to give an entrapment instruction *de novo*. *United States v. Singh*, 54 F.3d 1182, 1189 (4th Cir.1995) ("The district court's decision not to give an entrapment instruction is a question of law which we review *de novo*.").

In terms of inducement, there was evidence to suggest that law enforcement instigated the drug transaction. Anderson, a friend of Brown's and a paid confidential informant, initiated the meeting by calling Brown several times the day of the transaction. Brown chose only to deal with Anderson and specifically refused to sell to Kimble. Because Anderson was subject to pending criminal charges and had aspirations of attending the Georgia Police Academy, he had the incentive to set up the drug deal. SLED Agent Kimble testified that he intended to give Anderson a favorable recommendation to the Georgia Bureau of Investigations in exchange for his cooperation.

There is also evidence that indicates Brown's lack of predisposition to commit the offense of distribution of cocaine. The State's witnesses acknowledged that Brown was a retired Army first sergeant who was honorably discharged. Brown was also gainfully employed and declined to conduct the transaction at his place of business. The cocaine was not readily accessible to Brown given Anderson and Kimble had to wait approximately an hour and a half between the time of the request and the actual sale. At the time of his arrest, Brown did not have any other drugs in his possession. Nor did he have a significant amount of cash other than the $200 in marked money. Furthermore, aside from the controlled buy, SLED agents and officers with the Beaufort County Sheriff's Department had not previously purchased drugs from Brown nor did they have any knowledge that Brown had engaged in drug activity. Moreover, there was no evidence of any prior drug transactions between Anderson and Brown. When Brown gave a statement to investigating officers, he denied being a drug dealer and claimed that he made the sale for a

friend. Brown also made this same comment to Anderson on the day of the sale.

Based on our review of the record, we find there was evidence to support the presentation of the defense of entrapment to the jury. *See Sorrells*, 287 U.S. at 440–41, 53 S.Ct. 210 (finding trial judge erred in refusing to submit issue of entrapment to the jury in trial for possession and sale of intoxicating liquor where: prohibition agent befriended defendant; agent made repeated requests to defendant for liquor; defendant did not have liquor in his immediate possession at the time of the request; there was no evidence that defendant ever possessed or sold liquor prior to the transaction in question; the defendant was gainfully employed; and there was testimony the defendant possessed "good character"); *see also Johnson*, 295 S.C. at 217, 367 S.E.2d at 701 ("The issue of whether or not the defense of entrapment has been established is ordinarily a question of fact for a jury unless there is undisputed evidence and only one reasonable conclusion can be reached."); *cf. State v. Cooper*, 302 S.C. 184, 186, 394 S.E.2d 717, 718 (Ct.App.1990) (holding, in case involving convictions for criminal conspiracy and distribution of crack cocaine, defendant was not entitled to a jury instruction on entrapment where defendant engaged in the illegal activity "because of her own preexisting readiness to do so and not because of incessant demands made upon her by the undercover agent" or close personal relationship given defendant was an admitted purchaser and regular user of crack cocaine, participated in the drug buy to share in the purchase, and received a portion of the crack cocaine). Accordingly, the judge erred in declining to charge the law of entrapment. Because entrapment was Brown's only defense, the prejudice from this error was significant and, thus, warrants a new trial.

## CONCLUSION

We find the evidence presented was sufficient to entitle Brown to the requested charge of entrapment. The judge's refusal to instruct the jury on this defense constituted error and warrants a new trial. Accordingly, Brown's conviction is

**REVERSED AND REMANDED.**

STILWELL and SHORT, JJ., concur.