THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Joseph A.
 Dozier, Appellant.
 
 
 

Appeal From Clarendon County
 Thomas W. Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-047
Submitted January 2, 2008  Filed January
 14, 2008
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Cecil Kelly Jackson, Third Circuit Solicitors Office, of Sumter, for Respondent.
 
 
 

PER
 CURIAM:  Joseph A. Dozier (Dozier)
 appeals his conviction for armed robbery, arguing the trial court erred by (1)
 refusing to charge the jury on strong armed robbery or common law robbery and
 (2) deleting the element of reasonably believed from the jury re-charge.  We
 affirm. 
FACTS
On
 February 28, 2005, Dozier entered a convenience store in Clarendon County under the guise of purchasing candy.  As the cashier counted his change, Dozier
 displayed a handgun.  Dozier then reached into the cash register and took
 approximately $120.  Surveillance cameras at the convenience store recorded the
 incident. 
Shortly
 after an investigating officer reviewed the surveillance tape, a vehicle
 matching the one on the tape was found abandoned in a nearby secluded area.  The cashier identified the abandoned vehicle as the vehicle used during the
 commission of the robbery.  
Law
 enforcement then canvassed the nearby area for a suspect.  After review of the
 surveillance tape, law enforcement identified Dozier as a man they questioned earlier
 at a nearby hotel.  However, upon return to the hotel, Dozier was no longer at
 the hotel. 
Law
 enforcement learned Gloria Sweat (Sweat) leased the vehicle used in the
 robbery.  Law enforcement contacted Sweat, and she identified Dozier in a
 picture.  Sweat explained Dozier was at her house the night before the robbery. 
 Sweat added that when she awoke both her car keys and car were missing.  Law
 enforcement subsequently arrested Dozier, and he then admitted to robbing the
 convenience store.   
          At trial, the cashier identified
 Dozier as the person who robbed the convenience store and testified Dozier appeared to use a real gun during the
 robbery.  At the close of evidence, the trial court
 denied Doziers request to charge the jury on the lesser included offense of
 strong armed or common law robbery.  The trial court instructed the jury on
 armed robbery and possession of a weapon during the commission of a violent
 crime.  After the jury began its deliberation, the foreman returned asking for
 further instructions on armed robbery.  The trial court re-charged the jury on
 the elements of armed robbery.  The jury found Dozier guilty of armed robbery
 and possession of a weapon during a violent crime.  Dozier received a
 mandatory life sentence.  This appeal follows.
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review
 errors of law only and is bound by the factual findings of the trial court
 unless clearly erroneous.  State v. Wilson, 345 S.C. 1, 5-6, 545
 S.E.2d 827, 829 (2001).  The appellate court does not re-evaluate the
 facts based on its own view of the preponderance of the evidence, but simply determines
 whether the trial judges ruling is supported by any evidence.  State v.
 Mattison, 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct. App. 2003).  If any
 evidence exists in the record, this Court should affirm the trial court.  Wilson, 345 S.C. at 6, 545 S.E.2d at 829.  
 
LAW/ANALYSIS
I.  Jury Charge
Dozier
 argues the trial court erred by refusing to charge the jury on strong armed
 robbery or common law robbery.  We disagree.  
Generally, the
 trial court is required to charge only the current and correct law of South Carolina.  Sheppard v. State, 357 S.C. 646, 665, 594 S.E.2d 462,
 472-73 (2004).  The law to be charged to the
 jury is determined by the evidence presented at trial.  State v. Brown,
 362 S.C. 258, 262-63, 607 S.E.2d 93, 95 (Ct. App. 2004).  If any evidence
 supports a jury charge, the trial court should grant the request.  Id. at 263, 607 S.E.2d at 95.  To warrant reversal, a trial courts refusal to give
 a requested jury charge must be both erroneous and prejudicial to the
 defendant.  Id.  [J]ury instructions should be considered as a whole,
 and if as a whole they are free from error, any isolated portions which may be
 misleading do not constitute reversible error.  State v. Aleksey, 343
 S.C. 20, 27, 538 S.E.2d 248, 251 (2000).  
Upon
 indictment for a greater offense, a trial court has subject matter jurisdiction
 to convict a defendant for any lesser included offense. State v. Tyndall,
 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct. App. 1999).  A lesser included offense
 instruction is only required when the evidence warrants such an instruction.  Id.    It is not error to refuse to charge the lesser included offense unless evidence
 exists which tends to show the defendant was guilty only of the lesser included
 offense.  Id.  The trial court should refuse to charge a lesser included
 offense where there is no evidence to show the defendant committed the lesser
 rather than the greater offense.  State v. Tucker, 324 S.C. 155, 170, 478
 S.E.2d 260, 268 (1996).  If based upon the evidence, a jury could rationally
 find the defendant guilty of the lesser offense, due process requires a lesser
 included offense be charged.  Tyndall, 336 S.C. at 21-22, 518 S.E.2d at
 285.
 Strong armed
 robbery is defined as the felonious or unlawful taking of money, goods, or
 other personal property of any value from the person of another or in his
 presence by violence or by putting such person in fear.  State v. Rosemond,
 356 S.C. 426, 430, 589 S.E.2d 757, 758 (2003).  Armed robbery, on the other
 hand, is proved by establishing the
 commission of a robbery and either one of the two additional elements: (1) that
 the robber was armed with a deadly weapon or (2)
 that the robber alleged that he or she was armed with a deadly weapon, either by action or words, while using a representation of a deadly
 weapon or any object which a person present during the commission of the
 robbery reasonably believed to be a deadly weapon.  State v. Jones, 342
 S.C. 248, 252-53, 536 S.E.2d 396, 398 (Ct. App. 2000) (quotations omitted).
In
 view of the evidence presented in this case, the trial court did not err in
 denying Doziers request to charge the lesser included offense of strong armed
 or common law robbery.  The evidence shows Dozier entered into a convenience
 store and removed money from the cash register while brandishing a gun.  Further,
 the cashier testified he thought the gun was real.  Therefore no evidence tends
 to show Dozier was guilty only of strong armed robbery.  The only reasonable
 inference to be drawn from the totality of the evidence is Dozier committed the
 offense while in possession of a deadly weapon, or at the very least, Dozier
 alleged he was armed with a deadly weapon during the commission of the robbery,
 and the cashier reasonably believed it to be a deadly weapon.  
Accordingly,
 we find the trial court did not err by refusing to charge the jury on strong
 armed or common law robbery.  
II.  Jury Re-charge
Dozier next argues the trial court erred by deleting
 the element of reasonably believed from the re-charge to the jury of the instruction
 for armed robbery.  We disagree.
A jury charge is
 correct if, when the charge is read as a whole, it contains the correct
 definition and adequately covers the law.  In re McCracken, 346 S.C 87,
 94, 551 S.E.2d 235, 239 (2001).  
Dozier
 maintains the trial court erroneously deleted the words reasonably believed
 from the re-charge of the law.  The record demonstrates the trial court used
 the words reasonably believed at least three times during the re-charge of
 the law.  In addition, the trial court cited relevant portions of South Carolina case law to aid the jury in understanding the elements of armed robbery.  Accordingly,
 the trial courts re-charge of the law, when read as whole, contained the
 correct instruction on the elements of armed robbery.
CONCLUSION
Based on the foregoing, the decision of the trial
 court is
AFFIRMED.[1]
ANDERSON, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.