THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Michael A.
 Blair, Appellant.
 
 
 
 
 

Appeal From Fairfield County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No.  2010-UP-194
 Submitted March 1, 2010  Filed March 8,
2010

REVERSED AND REMANDED

Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr.,
 all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for
 Respondent.
PER CURIAM:  Michael
 A. Blair appeals his convictions for failure to stop for a blue light and
 trafficking in crack cocaine, arguing the trial court erred in refusing to
 charge the jury on the affirmative defense of entrapment.  We reverse and remand for a new trial
 based on the trial court's refusal to charge entrapment. 
This
 case is substantially similar to State v. Brown,
 362 S.C. 258, 265, 607 S.E.2d 93, 96-97 (Ct. App. 2004) (reversing and
 remanding for a new trial when there was evidence to support an entrapment
 charge yet the trial court refused to instruct the jury on the defense of
 entrapment).  Specifically, the defendant
 in Brown was entitled to an entrapment charge because there was
 sufficient evidence of inducement and lack of predisposition.  Id. at
 264, 607 S.E.2d at 96. 
Like
 the defendant in Brown, Blair delayed approximately two hours in
 arriving at the agreed-upon location.  In the interim, Tina Peay, the
 confidential informant, called Blair to find out what was taking him so long.  The
 sheriff's office was not aware of Blair prior to Peay's phone call to a man
 named "Tony."  In the tape recorded conversation with Peay, Blair stated,
 "I ain't got nothing on me, so y'all might have to come back up here to
 see the dude."  
Based
 on these facts, Blair produced more than a scintilla of evidence of his lack of
 predisposition.  See Brown, 362 S.C. at 263, 607 S.E.2d
 at 95. Once established, the burden shifted to the prosecution to prove
 predisposition beyond a reasonable doubt.  Id.  The trial court agreed
 with the solicitor's assessment that there "may have been some
 predisposition" on Blair's part and declined to charge entrapment on that
 basis.  However, the prosecution did not
 meet its burden of proof beyond a reasonable doubt.  Specifically, there was
 not undisputed evidence of predisposition leading to only one reasonable
 conclusion.  See State
 v. Johnson, 295 S.C. 215,
 217, 367 S.E.2d 700, 701 (1988) ("The issue of whether or not the defense
 of entrapment has been established is ordinarily a question of fact for a jury
 unless there is undisputed evidence and only one reasonable conclusion can be
 reached.").  
Finally,
 Blair suffered two-fold prejudice in this case: (1) entrapment was Blair's only
 defense, and (2) the solicitor made comments regarding the absence of an
 entrapment charge during closing arguments.  Accordingly, this matter is
REVERSED AND REMANDED.[1]   
HUFF, THOMAS, and
 KONDUROS, JJ., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.