THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 John Thomas Hampton, Appellant.
 
 
 

Appeal From Lexington County
 Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2011-UP-272
Submitted May 1, 2011  Filed June 8, 2011   

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Mark R. Farthing, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: John Thomas Hampton appeals his conviction for second-degree criminal sexual conduct with a minor, arguing the trial court erred in the
following: (1) denying Hampton's motion for a mistrial; and (2) refusing to charge the jury on the defense of mistake of age. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.       As to whether the trial court erred in denying Hampton's motion for a mistrial: State v. Harris, 340 S.C. 59,
63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court
and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law." (citation omitted)); State v. Thompson,
352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) ("[A] vague reference to a defendant's prior [crimes] is not sufficient to justify a mistrial where
there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes."). 
2.       As to whether the trial court erred in refusing to charge the jury on the defense of mistake of age, such a defense is
not available under Section 16-3-655(B)(1) of the South Carolina Code (Supp. 2006): State v. Brown, 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App.
2004) ("The law to be charged to the jury is determined by the evidence presented at trial.  If there is any evidence to support a jury charge, the
trial judge should grant the request.  To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial
to the defendant." (citations and internal quotation marks omitted)); Penn. Nat'l Mut. Cas. Ins. Co. v. Parker, 282 S.C. 546, 554-55, 320 S.E.2d
458, 463 (Ct. App. 1984) (citation omitted) ("A well-established rule of statutory construction is expressio unius est exclusion
alterius, which means that the enumeration of particular things excludes the idea of something else not mentioned.  Under the rule, exceptions made
in a statute give rise to a strong inference that no other exceptions were intended." (citations omitted)).
AFFIRMED.
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.