**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

George Ramantanin, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-159526

———————

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-321
Submitted June 1, 2013 – Filed July 17, 2013

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Suzanne Hollifield White, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).  Because there is sufficient evidence to support the PCR judge's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).  We otherwise deny the petition for writ of certiorari.

Petitioner appeals his conviction of distribution of cocaine, second offense, arguing the trial court erred in refusing to charge the jury on the lesser included offense of simple possession of cocaine.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Gosnell*, 341 S.C. 627, 635, 535 S.E.2d 453, 458 (Ct. App. 2000) (concluding the trial court should refuse to charge a lesser included offense if there is no evidence that the defendant committed the lesser included offense).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.