**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jovan Alexander Mitchell, Appellant.

Appellate Case No. 2013-002162

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2015-UP-543
Heard September 9, 2015 – Filed November 25, 2015

**AFFIRMED**

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, P.A., and Appellate Defender Laura Ruth Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Jovan Alexander Mitchell appeals his conviction for grand larceny in an amount between $1,000 and $5,000,[1] arguing the circuit court erred in (1) denying his motion for a directed verdict when the evidence showed Stan Gaines, the victim named in the indictment, did not personally own the metal Mitchell was accused of stealing; (2) denying his motion for a judgment of acquittal when the evidence showed the value of the metal was either $22,000 or less than $1,000; and (3) failing to give his requested jury instructions on the law of mistake of fact and good faith. We affirm.

1. Viewing the evidence and all reasonable inferences in the light most favorable to the State, we find the circuit court properly submitted the case to the jury because the State's evidence reasonably tended to prove Mitchell's guilt. *See State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); *id.* ("If . . . any direct evidence or any substantial circumstantial evidence reasonably tend[s] to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury." (quoting *State v. Weston*, 367 S.C. 279, 292–93, 625 S.E.2d 641, 648 (2006))). Regardless of whether Gaines owned Synehi Castings, Inc. (Synehi)—the owner of the stolen metals—or was a bailee of the metals on behalf of Synehi, Gaines's ownership interest was superior to that of Mitchell. *See State v. Sweat*, 221 S.C. 270, 273–74, 70 S.E.2d 234, 236 (1952) ("It is sufficient if [the defendant] knows that the property is not his own and takes it to deprive the true owner of it. Nor is it necessary, . . . to make the taking larceny, that the person from whom the property is stolen should have the general ownership. It is sufficient that he has possession as a bailee . . . ."); *see also* William Shepherd McAninch, W. Gaston Fairey & Lesley M. Coggiola, *The Criminal Law of South Carolina* 350 (6th ed. 2013) ("For purposes of larceny, ownership of the property

---

[1] At the time of the incident, larceny of goods worth more than $1,000 but less than $5,000 was punishable by up to five years' imprisonment, while larceny of goods greater than $5,000 was punishable by up to ten years' imprisonment. *See* S.C. Code Ann. § 16-13-30(B)(1)–(2) (Supp. 2009). The General Assembly amended section 16-13-30 in 2010, substituting $2,000 for $1,000 and $10,000 for $5,000 in subsections (B)(1) and (B)(2). *See* Act No. 273, 2010 S.C. Acts 1958–59 (codified as amended at S.C. Code Ann. § 16-13-30(B)(1)–(2) (Supp. 2014)). The parties, however, do not dispute that the prior version of the statute was in effect when Mitchell was charged with grand larceny in March of 2010.

in question need not have been in the person from whom the property was stolen. It is larceny to steal from the bailee or agent of the owner."); 50 Am. Jur. 2d *Larceny* § 23 (2006) ("In a larceny case, it is sufficient to show that the named victim had possession, control, and custody of the property. Actual legal title is immaterial; the key is the right to possession superior to that of the taker. The property taken need not be owned by a certain person; it is only necessary that the property did not belong to the defendant." (footnotes omitted)). In any event, we find the identity of the "true owner" of the stolen property is not an element of the offense of larceny. *See State v. Condrey*, 349 S.C. 184, 191, 562 S.E.2d 320, 323 (Ct. App. 2002) ("Larceny is the felonious taking and carrying away of the goods *of another* against the owner's will or without his consent." (emphasis added)); *Sweat*, 221 S.C. at 273, 70 S.E.2d at 235–36 ("It is essential that the stolen goods be owned by someone other than the thief, but it is not ordinarily essential that the thief should know who the owner is."). Thus, the circuit court properly denied Mitchell's motion for a directed verdict because any variance between the indicted charge and the proof at trial regarding the ownership of the metals was immaterial. *See State v. Gunn*, 313 S.C. 124, 136, 437 S.E.2d 75, 82 (1993) ("A material variance between charge and proof entitles the defendant to a directed verdict; such a variance is not material if it 'is not an element of the offense.'" (quoting *State v. Hiott*, 276 S.C. 72, 81, 276 S.E.2d 163, 167 (1981))); *State v. Evans*, 322 S.C. 78, 82, 470 S.E.2d 97, 99 (1996) (holding the variance in evidence at trial was immaterial because "[i]t had nothing to do with the elements of the offense . . . to be proved in circuit court" and, therefore, the defendant was not entitled to a directed verdict).

2. As to whether Mitchell was entitled to a judgment of acquittal on the charge of grand larceny in an amount between $1,000 and $5,000, we find he waived the right to argue this issue on appeal because—as the circuit court noted when it properly declined to rule upon the post-trial motion for a judgment of acquittal—Mitchell failed to raise a timely objection to the court charging the three levels of larceny at trial. *See State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912–13 (Ct. App. 2004) (stating for an issue to be preserved for appellate review, "[t]he issue must have been (1) raised to and *ruled upon* by the [circuit] court, (2) raised by the appellant, (3) *raised in a timely manner*, and (4) raised to the [circuit] court with sufficient specificity" (emphasis added)); *State v. Hartley*, 307 S.C. 239, 241, 414 S.E.2d 182, 184 (Ct. App. 1992) (holding the appellant failed to object to the circuit court's jury charge at trial and, therefore, "waived his right to complain about it on appeal"); Rule 20(b), SCRCrimP ("[T]he parties shall be given the opportunity to object to the giving . . . [of] an instruction before the jury retires, but

out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection.").

3. Finally, we find the circuit court did not err in declining to give Mitchell's full requested jury charges because the court's instructions—when read as a whole—sufficiently charged the jury on the law of mistake of fact. *See State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To warrant reversal, a [circuit court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Logan*, 405 S.C. 83, 90, 747 S.E.2d 444, 448 (2013) ("In reviewing jury charges for error, [the appellate court] considers the [circuit] court's jury charge as a whole and in light of the evidence and issues presented at trial."); *id.* at 90–91, 747 S.E.2d at 448 ("A jury charge is correct if, when read as a whole, the charge adequately covers the law."); *Brown*, 362 S.C. at 261, 607 S.E.2d at 95 ("Generally, the [circuit court] is required to charge only the current and correct law of South Carolina."); *State v. Kelsey*, 331 S.C. 50, 77–78, 502 S.E.2d 63, 77 (1998) ("A mistake of fact which negates the existence of the mental element of the offense[] will preclude conviction."). Although Mitchell's requested charge would not have been inappropriate, we nevertheless find the court's instructions adequately covered the substance of the applicable law under the facts of the instant case. *See State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994) ("The substance of the law is what must be instructed to the jury, not any particular verbiage."); *State v. Rabon*, 275 S.C. 459, 462, 272 S.E.2d 634, 636 (1980) (holding while the appellant's requested jury charge would not have been inappropriate, the circuit court's "charge, when considered as a whole, adequately covered the law under the facts of th[e] case").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**