**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Elijah Fernandeze Wilson, Appellant.

Appellate Case No. 2014-001336

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2016-UP-223
Submitted April 1, 2016 – Filed May 25, 2016

**AFFIRMED**

James H. Price, III, of James H. Price, III, PA, and J. Falkner Wilkes, both of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Elijah Fernandeze Wilson appeals his conviction for first-degree assault and battery by mob, arguing the trial court erred in (1) refusing to give his

requested jury charge that spontaneous acts are insufficient to establish premeditated intent and (2) denying his directed verdict motion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his request for a jury charge: *State v. Dennis*, 402 S.C. 627, 634-35, 742 S.E.2d 21, 25 (Ct. App. 2013) ("In criminal cases, the appellate court sits to review errors of law only and is bound by the factual findings of the [trial] court unless clearly erroneous."); *State v. Brown*, 362 S.C. 258, 261, 607 S.E.2d 93, 95 (Ct. App. 2004) ("Generally, the trial [court] is required to charge only the current and correct law of South Carolina."); *State v. Hill*, 382 S.C. 360, 368, 675 S.E.2d 764, 768 (Ct. App. 2009) ("If a charge is substantially correct and covers the law there is no need for reversal."); *Brown*, 362 S.C. at 262, 607 S.E.2d at 95 ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.").

2. As to whether the trial court erred in denying his directed verdict motion: *State v. Smith*, 352 S.C. 133, 136, 572 S.E.2d 473, 474 (Ct. App. 2002) ("In considering a motion for directed verdict in a criminal case, all evidence is viewed in the light most favorable to the State."); *id.* ("The trial court is 'concerned with the existence or non-existence of evidence, not its weight.'" (quoting *State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000))); *id.* ("Thus, if the State presents direct or substantial circumstantial evidence reasonably tending to prove guilt, or from which guilt can be logically deduced, the directed verdict motion is properly denied.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.