**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gary Curtis Fraley, Appellant.

Appellate Case No. 2015-001737

———————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-305
Submitted June 1, 2017 – Filed July 26, 2017

———————

**AFFIRMED**

———————

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in refusing to charge the insanity defense: *State v. Lewis*, 328 S.C. 273, 278, 494 S.E.2d 115, 117 (1997) ("The law to be charged is determined from the facts presented at trial."); *State v. Curry*, 410 S.C. 46, 52, 762 S.E.2d 721, 724 (Ct. App. 2014) ("This court will not reverse a circuit court's decision to deny a specific request to charge unless the circuit court committed an error of law."); *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("If there is any evidence to support a jury charge, the trial [court] should grant the request."); *Lewis*, 328 S.C. at 277, 494 S.E.2d at 117 ("Insanity is an affirmative defense to a prosecution for a crime."); S.C. Code Ann. § 17-24-10(A) (2014) (providing a defendant is insane if "at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong"); *Lewis*, 328 S.C. at 278, 494 S.E.2d at 117 ("A defendant may rely on lay testimony to establish insanity."); *id.* ("A requested charge on insanity is properly refused where there is no evidence tending to show the defendant was insane at the time of the crime charged.").

2.  As to whether the trial court erred in refusing to charge the lesser-included offenses to attempted murder: *State v. Lewis*, 328 S.C. 273, 278, 494 S.E.2d 115, 117 (1997) ("The law to be charged is determined from the fact presented at trial."); *State v. Curry*, 410 S.C. 46, 52, 762 S.E.2d 721, 724 (Ct. App. 2014) ("This court will not reverse a circuit court's decision to deny a specific request to charge unless the circuit court committed an error of law."); *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("If there is any evidence to support a jury charge, the trial [court] should grant the request."); *State v. Brayboy*, 387 S.C. 174, 179, 691 S.E.2d 482, 485 (Ct. App. 2010) ("In determining whether the evidence requires a charge on a lesser included offense, the court views the facts in a light most favorable to the defendant."); S.C. Code Ann. § 16-3-600(B)(1), (3) (2015) (providing assault and battery of a high and aggravated nature (ABHAN), a lesser-included offense of attempted murder, occurs when a person "unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury"); § 16-3-600(C)(1), (3) (providing first-degree assault and battery, a lesser-included offense of attempted murder and ABHAN, occurs when "the person unlawfully: (a) injures another person, and the act: (i) involves nonconsensual touching of the private parts of a person . . . ; or (ii) occurred during the commission of a robbery, burglary, kidnapping, or theft; or (b) offers or attempts to injure another person with the present ability to do so, and the act: (i) is accomplished by means likely to produce death or great bodily injury; or

(ii) occurred during the commission of a robbery, burglary, kidnapping, or theft"); § 16-3-600(E)(1), (3) (providing third-degree assault and battery, a lesser-included offense of attempted murder, ABHAN, and first-degree assault and battery, occurs when a "person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.