**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leslie Keiffer, Appellant.

Appellate Case No. 2022-000360

———————

Appeal From Jasper County
Robert J. Bonds, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-103
Submitted March 1, 2024 – Filed March 27, 2024

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General Kinli Bare Abee, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Leslie Keiffer appeals her conviction for third-degree domestic violence and her sentence of sixty days' imprisonment, suspended upon the service of seven days' imprisonment. On appeal, Keiffer argues the trial court erred in

refusing to instruct the jury that it may draw an adverse inference against the State based upon the responding officer's missing body-worn camera footage. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in refusing to charge the jury on the spoliation of evidence because there are no South Carolina appellate decisions addressing whether such a charge is a correct statement of law in a criminal case. *See State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 30 (2002) ("In general, the trial [court] is required to charge only the current and correct law of South Carolina."); *State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. McBride*, 416 S.C. 379, 389, 786 S.E.2d 435, 440 (Ct. App. 2016) ("Adverse inference charges are rarely permitted in criminal cases."); *State v. Breeze*, 379 S.C. 538, 547, 665 S.E.2d 247, 252 (Ct. App. 2008) (affirming the denial of a requested jury charge that an adverse inference could be drawn against the State for failing to produce the marijuana).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.